**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARLON JONES,** ) | | |
|     **Plaintiff** ) | | |
| ) | **C.A.No. 15-89ERIE** | |
| **vs.** ) | | |
| ) | **District Judge Rothstein** | |
| **ST. MARY'S/ELK REGIONAL** ) | | |
| **HOSPITAL, et al,** ) | **Magistrate Judge Baxter** | |
|     **Defendants.** ) | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss, or in the alternative for summary judgment, filed by the FCI Defendants [ECF No. 32] be GRANTED.

It is further recommended that this Court declines to exercise supplemental jurisdiction over the state law claim against Dr. Rudick. The motion to dismiss filed by Defendant Rudick [ECF No. 26] should be dismissed.

Defendants St. Mary's/Elk Regional Hospital and Kane Community Hospital should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure due to Plaintiff's failure to accomplish service on them. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

    **A.  Relevant Procedural History**

1

Plaintiff, currently a federal inmate, initiated this civil rights action pursuant to § 1983 on March 25, 2015. As Defendants to this action, Plaintiff names: St. Mary's/Elk Regional Hospital, Kane Community Hospital, and Doctor Rudick, as well as Medical Nurse Doug Corbin, Eric Asp, Officer Albert, Nurse Walton, Lt. K. Sustatia, and Counselor Tim Smith, all of the Federal Bureau of Prisons.

Plaintiff raises claims of negligence under state law against the hospital Defendants and Dr. Rudick who performed a cystoscopy. Plaintiff's constitutional claims against the FCI Defendants arise out of medical care he received following the surgery while he was incarcerated at the FCI McKean. Plaintiff characterizes his claims as § 1983[1] and medical malpractice/negligence claims. Even liberally construing the complaint, this Court does not construe any factual allegations which could support an FTCA claim.

Defendant Rudick has filed a motion to dismiss. The FCI Defendants have filed a motion to dismiss, or in the alternative, a motion for summary judgment. ECF No. 26; ECF No. 32. In response to those motions, Plaintiff has filed "Amendments" which are opposition briefs rather than proposed amended complaints. ECF No. 37; ECF No. 39. Both sets of Defendants have filed reply briefs. ECF No. 38; ECF No. 40.

The dispositive motions are ripe for disposition by this Court.

### B. Plaintiff's Allegations of the Original Complaint

On February 13, 2015, Plaintiff was admitted to St. Mary's/Elk Regional Hospital where

---

[1] Plaintiff's constitutional claims are actually brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (recognizing a private cause of action to recover damages against federal officers for violations of constitutional rights), rather than under 42 U.S.C. § 1983.

2

he underwent a surgical cystoscopy. Following Plaintiff's return to FCI-McKean two days later, Defendant Corbin provided negligent follow-up care by irrigating the wrong side of Plaintiff's catheter causing pressure and pain in Plaintiff's bladder. The same day Defendant Asp negligently inserted Plaintiff's catheter and filled the catheter with a balloon causing excruciating pain. Asp sent Plaintiff back to St. Mary's/Elk Regional Hospital.

On February 20, 2015, while at FCI McKean, Plaintiff experienced bleeding from the catheter. When Plaintiff requested an examination by the medical department, Defendant Corbin made Plaintiff wait forty-five minutes "in pain and agony" until Corbin transferred Plaintiff to St. Mary's. Plaintiff claims that he suffered from an inflamed urethra caused by the negligence of Defendant Asp.

Following another bladder surgery, Plaintiff was returned to FCI McKean on February 24, 2015, where he was placed in a medical observation room and where he experienced more bleeding. When he complained about the bleeding, Defendant Walt refused to irrigate his catheter and told him to do it himself. Plaintiff was unable to do it himself and was sent back to the medical observation room and told that he would see someone in the morning. Plaintiff alleges that two officer Defendants told him they could not do anything to help him and that he would have to wait for morning. Plaintiff bled from his catheter throughout the night and awoke the next morning to painful pressure in his bladder, convulsing and having defecated on himself. Between four a.m. and five a.m., Defendant Asp and other unnamed medical personnel attempted to relieve some of the pressure from Plaintiff's bladder by unblocking his catheter. Moments later, paramedics took Plaintiff to St. Mary's.

The factual allegations against Dr. Rudick and the hospital Defendants are very sparse. As to Dr. Rudick, Plaintiff alleges generally that he performed the surgical procedure and that he inserted a catheter that was too small. ECF No. 6, page 5. As to the hospital Defendants, Plaintiff alleges that each is being sued for the medical negligence of Dr. Rudick in relation to the surgical cystoscopy. ECF No. 6, pages 3-4.

### C. Rule 4 Dismissal

The docket reflects that Plaintiff has not accomplished service on either St. Mary's/Elk Regional Hospital or Kane Community Hospital.

Service by the U.S. Marshal Service was ordered by this Court on May 8, 2015. By letters dated September 8, 2015, the U.S. Marshal Service informed this Court that Plaintiff had not provided directions for service on either of these hospital Defendants. ECF No. 13; ECF No. 14. By Order dated September 16, 2015, this Court directed Plaintiff to show cause for his failure to cooperate with the U.S. Marshal Service in this regard. ECF No. 15. That Order specifically warned that Plaintiff's failure to comply may result in the dismissal of this action for failure to prosecute.

In response to the show cause order, Plaintiff sent what he called "another set of the documents that you have requested." ECF No. 16. However, Plaintiff enclosed another set of USM285 forms for Rudick and the FCI Defendants, but none for the hospital Defendants. Accordingly, the U.S. Marshal Service made no further attempts to serve this case on the hospital Defendants.

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Id.

It has been well over ninety days since the filing of this case. Because Plaintiff has not shown good cause for his failure to serve the hospital Defendants, even after the time for service was extended, Rule 4(m) requires a dismissal without prejudice.

These hospital Defendants should be dismissed from this action without prejudice.

**D. Standards of Review**

**1)** *Pro se* **pleadings**

*Pro se* pleadings, "however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6)

5

standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b) (6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b) (6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme

Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 3) Motion for summary judgment pursuant to Rule 56

Several exhibits have been submitted by the parties. Therefore, where appropriate, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a

motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party 'who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Id. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material

fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. Of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

### E. FCI Defendants' Motion

#### 1) The Exhaustion Requirement of the Prison Litigation Reform Act

The FCI Defendants move for dismissal of the complaint arguing that Plaintiff has failed to exhaust his administrative remedies in accordance with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under
> section 1983 of this title ... by a prisoner confined in any jail, prisons,
> or other correctional facility until such administrative remedies as
> are available are exhausted.

Id.[4]

The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Ross v. Blake, ___ U.S. ___, 136 S.Ct. 1850, 1857 (June 6, 2006) ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").[2] The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002).

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83.[3]

---

[4] It is not a plaintiff's burden to affirmatively plead exhaustion. Small v. Camden County, 728 F.3d 265, 270 n.3 (3d Cir.2013); Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Moreover, "the defendant must prove that the prisoner-plaintiff failed to exhaust *each* of his claims. There is no 'total exhaustion' rule permitting dismissal of an entire action because of one unexhausted claim. Small, 728 F.3d at 269 (emphasis in original) quoting Jones, 549 U.S. at 220-24.

[2] The PLRA's exhaustion requirement "is a non-jurisdictional prerequisite." Small v. Camden County, 728 F.3d 265, 270 n.3 (3d Cir. 2013). See also Moneyham v. Potter, 2016 WL 3476416, at *3 n.6 (M.D. Pa. June 27, 2016) ("[T]he Supreme Court of the United States has held that PLRA exhaustion is a precondition to suit.").

[3] See also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to

10

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218.

### 1) The Administrative Process Available to Federal Inmates

The Bureau of Prisons has adopted regulations that establish the specific steps that an inmate must follow to exhaust his administrative remedies. See 28 C.F.R. § 542.10 et seq. This process provides that an inmate must initially attempt to resolve the dispute informally with institution staff. 28 C.F.R. § 542.13(a). In the event such informal resolution is unsuccessful, the second step is to file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the Warden's response, the third step is to appeal the Warden's response to the Regional Director within twenty days of the Warden's response. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the fourth step is for the inmate to file an appeal with the General Counsel of the Bureau of Prisons within thirty days from the date of the Regional Director's response. Id. The administrative remedy process is not complete for the purposes of exhaustion

---

encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

until the fourth step is completed, and the inmate's appeal is denied by the Bureau of Prisons' General Counsel. Id.

### 2) Plaintiff's Utilization of the Administrative Remedy Process

Failure to exhaust is an affirmative defense that must be pled by the defendant. Jones v. Bock, 549 U.S. at 216. "In a motion for summary judgment, where the movants have the burden of proof at trial, 'they [have] the burden of supporting their motion for summary judgment with credible evidence...that would entitle [them] to a directed verdict if not controverted at trial.' " Foster v. Morris, 208 Fed.App'x 174, 179 (3d Cir. 2006) quoting In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003). If "the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Id. quoting Nat'l State Bank v. Fed. Reserve Bank of N.Y., 979 F.2d 1579, 1582 (3d Cir. 1992).

Here, Defendants have produced evidence that Plaintiff has not filed any administrative remedy relating to the issues raised in his lawsuit. See ECF No. 33-1, Declaration of Ondreya Barksdale, ¶ 10.

Plaintiff does not provide this Court with contradictory evidence, as it is his burden to do when presented with a fully factually supported motion for summary judgment. Celotex, 477 U.S. at 323-325. Indeed, Plaintiff acknowledges that he has not utilized the administrative remedy process. Instead, Plaintiff argues that the exhaustion requirement of the PLRA "is not necessary because no further medical relief is requested" and that he is exempt from the PLRA's

exhaustion requirement because his "primary suit is against" the hospital. ECF No. 6, page 2; ECF No. 41, page 4.

Here, Plaintiff is mistaken. Plaintiff's claims arise out of the follow-up care he received at FCI McKean and so these claims relate directly to his conditions of confinement. As such, it is mandatory that Plaintiff have exhausted his claims before filing the instant action. Porter v. Nussle, 534 U.S. 516, 530 (2002) ("It seems unlikely that Congress, when it included in the PLRA a firm exhaustion requirement, meant to leave the need to exhaust to the pleader's option."); Booth, 532 U.S. at 741, n.6 (1997e(a) makes no distinctions based on the particular "forms of relief sought and offered").

### F. The medical malpractice claim against Defendant Rudick

Plaintiff alleges generally that Dr. Rudick performed the surgical procedure, but also that Rudick inserted a catheter that was too small. ECF No. 6, page 5. While the factual allegations as to this claim are very sparse, it is clear that the claim is based on medical malpractice or negligence under state law.[4] As all of the federal constitutional claims in this action should be dismissed, this Court should decline to exercise supplemental jurisdiction over the remaining state law claim against Defendant Rudick. See United Mine Workers of Am. v. Gibbs, 383 U.S.

---

[4] In opposition to the motion to dismiss, Plaintiff filed two "Amendments" which are actually opposition briefs raising new factual averments and legal theories. ECF No. 37; ECF No. Therein, Plaintiff clarifies that he is seeking to hold Dr. Rudick liable only under a strict liability theory. ECF No. 37, page 6. Even if Plaintiff were permitted to amend his complaint to raise this legal theory against Dr. Rudick, such an amendment to the complaint raises a legal claim under state law. Moreover, the amendment would be futile as, under Pennsylvania law, no such cause of action lies against an individual. Cafazzo v. Central Medical Health Services, Inc., 430 Pa. Super. 480, 488 (1993) ("Without a claim of negligence or intentional wrongdoing, we are reluctant to extend the principle of strict liability to those engaged in the art of healing …").

715, 726 (1966) ("That power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent [or supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right.... Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

Nothing in this Court's recommendation prevents Plaintiff from raising a claim of medical malpractice against Dr. Rudick in the state courts.

### III. CONCLUSION

It is respectfully recommended that the motion to dismiss, or in the alternative for summary judgment, filed by the FCI Defendants [ECF No. 32] be GRANTED.

It is further recommended that this Court declines to exercise supplemental jurisdiction over the state law claim against Dr. Rudick. The motion to dismiss filed by Defendant Rudick [ECF No. 26] should be dismissed.

Defendants St. Mary's/Elk Regional Hospital and Kane Community Hospital should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure due to Plaintiff's failure to accomplish service on them. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.   See Fed.R.Civ.P. 72(b)(2).

Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 22, 2016